Good morning. May it please the Court, Stan Gibson on behalf of the appellant, Archon Corporation, and I would like to reserve three minutes of my time if I may. This case, at its center, is about whether the certificate of designation calls for the compounding of dividends. The word compounding never appears in the certificate, and compounding is not provided for. And the district court erred. The district court should be reversed for three independent reasons. First, Archon's method of computing the dividends is the appropriate method for computing the dividends. It's set forth in the certificate, and we've explained that in our briefs. What the district court did was err by taking the calculation for paying dividends and using that entire calculation to calculate a current period dividend. By doing that, it compounded the dividends, and that was inappropriate. And we can best see that by looking at the fact that if you use the entire calculation for paying out dividends as calculating the current period only, when you then go to pay out the dividends, you can't do it, because there's nothing left to pay. And the way that the district court fixed that at the urging of the appellees was to simply add in the words, accrued dividends a second time. Sotomayor, first of all, the provision with regard to payment does talk about cumulative accumulation. And second of all, it's your argument that that's not the key provision anyway. It's the liquidation provision, and that does talk of another provision with regard to accrued dividends. Well, that's precisely correct, Your Honor. But the issue is, in terms of when you look at the payment. Now, cumulative dividends is a term of ARC. It's meant to say that you're going to accumulate. You're going to keep the dividends on the books, which is exactly what ARCON did, as reflected by its 10-Ks. But you have to look at the payment term as what is going to be paid out. And if you don't say you're going to pay out the accrued dividends, and you read the entire calculation as just calculating the current period dividend, you're not going to be paying out the right amount. And the point with Section II, and that's in Section 2A, it says the purpose in Section 2A is to pay out dividends. That's what it's entitled. And it can't be a reasonable interpretation if you read out that – if you read out the ability of the section to do that. And that's exactly the way the district court interpreted the formula. If we look at Section 7, which involves the liquidation price and is also the price for the redemption, Section 7 talks about paying the $2.14, that's the stock value, plus the current period, plus the accrued dividends. Now, the liquidation preference, the redemption price, other than the $2.14, because you get that if you're going to be liquidating, you're redeeming, if you're going to just pay out the dividends, that didn't happen here, but if they were declared and you're going to pay out the dividends, the amount of those accrued dividends, whether you're looking at Section 2A, whether you're looking at Section 7, should be the same. And that's why it's critical. We are talking about cumulative dividends, but in Section 7, you – just like you do in Section 2A, it says you're going to pay out the accrued dividends. The problem is, and that's what Archon did and how it interpreted it, the problem is with the district court, what they did, or what the district court at the urging of appellees did, is it took the entire calculation for paying out dividends and it put that all into calculating the current dividend period. And that was just error. It resulted in this. Go ahead. I was going to say, that's because that's the way it appears to be written at the end of Section 7 by saying, plus all prior dividend periods, whether or not declared. And it just seems to me this is all a question of – there's no sort of free-floating right answer here. It all depends on what the documents actually say. And I guess I just have difficulty seeing why the district court's calculation doesn't track exactly what the documents call for. Well, the problem is, is you've got to look at what is the current period. How are you going to calculate the current period? The current period is specified to be a rate per annum per share. The per share value is specified in the certificate as $2.14. What the district court did is it kept increasing that per share value by adding in the accumulated dividends and then multiplying by the 8 percent, which then goes up to 11 percent. Now, you argue that in the brief, and I don't understand it, because it's not a question of what's a share. It's a question of what is – what's a rate per annum per share is. It's per share, but it's a rate. So the fact that the share was originally worth $2.14 is not what the calculation is being made on. It's being made per share, but at a rate that's specified as a percentage, not as an amount of money. And the percentage of what is the question? A percentage of 2.14 little i plus little 2 accrued by unpaid dividends. And I don't understand what your explanation in ordinary sort of algebra is of how 8 percent of a plus b in parentheses isn't that. Because otherwise, what does the 1 and the 2 mean? Well, Your Honor, but what you just did there, you just added in parentheses. Right. Because it says little 1 plus little 2. But those are not parentheses. Those are – mathematically, that does not – But the of comes before. That's equivalent to a mathematical formula that has the parentheses. Because the of is before the 1 and the 2. The way you want to write it is initially said 8 percent of – 8 percent little i of 2.14 plus 8 percent of accrued but unpaid dividends. And that's not what it says there. The of comes first. It's like the x is being in the inverse. It's equal to the sum of 1 plus 2, which also includes two parts, which use the word plus, so it's the sum of a plus b plus c. Well, Your Honor, it also does not use the words in sum. And that's part of the problem here. What we're doing in – you have to go back and look at it again. 2a is entitled payment of dividends. So if the dividends are declared, you have to figure out how is this going to be paid. And you are going to add two things together. You're going to add the current period. What's the rate? The rate is initially set at 8 percent. In other words, what amount per share is it going to be? And that's initially set at 8 percent of little i, 2.14, plus little 2, accrued but unpaid dividends. So for each share, it's going to be 8 percent of a plus b. If you do the calculation that way, Your Honor, there's nothing left to pay out of the accrued dividends. There's nothing that tells you to then add back in the accrued dividends to pay them when they're declared. And, again, the purpose of this paragraph is to pay out the dividends. Kagan. It says cumulative cash dividends. So for each dividend, so you're going to pay all of the cash dividends, and they're all going to be calculated according to this method. It's going to vary year to year because as you add in the accrued but unpaid dividends. But it says that you're going to get the cumulative cash dividends. That is, last year's and the year before's and the year before's. That's the title of what cumulative dividends are. Exactly. It doesn't say that you're going to compound those dividends. And, again, this paragraph has to be. Wait a minute. The rate is what does the compounding. In other words, it's not that you're compounding the dividends. It's that the rate is changing each year, the rate being the amount per share. Yes. The 8 percent is going to be changing. That's correct. But the 214 should not be changing because that is the per share value. See, that's where I have difficulty following it because it's 8 percent of what? 214 plus something else. It's not 8 percent of 2.14 every year. It's 8 percent of a brand-new number. Well, Your Honor, the problem with that is when we're looking again. But that's what it says. It may be a problem, but that's what the document says. That's maybe a drafting problem. But once it says that, I don't see how a court can do other than follow the words of it. Because, Your Honor, the purpose of this section, that first paragraph, is to pay the dividends. And it's telling you when you're going to pay the dividends, you have to take the current dividend period calculation. That's the 8 percent of the 214. Plus the 8 percent of the 214 plus another number. 8 percent of what? And the what is not 214. The what is 214 plus a second item. And that's, if you use that, that's what the district court did. And it used that as the current dividend calculation. So you're calculating these every six months. And so it took that calculation as the six-month calculation. Then there's nothing in that paragraph that tells you to pay out the rest of the dividends. Could I ask you the following question, which is somewhat to one side? If the district court's method of calculation is correct, which I know you strongly dispute, do you have any quarrel with its arithmetic? That is, if the district court correctly read the meaning of what this cumulative dividend at 8 percent of whatever it's going to be, if the district court correctly understood this provision, is the arithmetic correct in what the district court did? Or are you also challenging even if, then, the district court can't multiply? Well, the issue isn't whether the arithmetic was correct. The issue then becomes, if you're going to do that calculation, that's what leads to our second argument on appeal, which is that the 16 percent cap rate goes away. And it is not permitted to do that. And that's not an answer to my question. I guess I'm just trying to figure out if you have a subsidiary argument that even if the redemption price was calculated the way the district court did it, that, nonetheless, a different number should come up even using the district court's method of calculation. No, that's not what we're challenging on appeal. Okay. That's what I'm trying to make sure. We're challenging on appeal is that calculation, that the way the district court did it was not appropriate. And, again, the focus has to be on looking at how can 2A pay out the past dividends if you take out the accrued but unpaid dividends and put it in as part of the current period calculation? There are two things wrong with that argument. One is that there's an answer to it. It says cumulative past dividends. And the other is that you haven't accounted for the way the thing is written. What we have, because it explicitly says you're going to have the current period calculated 8 percent of 214, if they're declared, and then you're going to add those back. Of little i plus little 2. I mean, how could anybody read that, given the placement of the of and the little subsections as meaning that the of has now fallen out when you get to 2? That's what you're doing. You're taking the of out and saying it's not 8 percent of sub 2. Well, I think what we're not doing is we're not putting in brackets around the sub 1 and the sub 2. All right. So why is the of sitting where it was, where it is, and why is sub 2 there at all? What you wanted to read is initially set at 8 percent of 214. You want to take out the little 1s and little 2s, and you probably want to, for clarity, put a comma in. So it says initially set at 8 percent of $2.14, plus a comma, plus accrued but unpaid dividends. Even that wouldn't be so clear. But this way it's lucidly clear. Well, Your Honor, with the ---- it is meant to do two things. It's meant to calculate the current period of dividends. I don't doubt. Let me back up and say I don't doubt that your clients did not mean this and that somebody misdrafted it. But that's what it says. Well, Your Honor, if it's read that way, our position is it doesn't then pay out the accumulated dividends because you then have to add that language in a second time. And with that, if I could reserve the remainder of my time. You may. Thank you very much. May it please the Court, my name is Jonathan Sherman. I represent the seven plaintiffs' appellees in this case. I'd like to come to, I think we sort of agreed, or it seems we agreed, that the nub of the problem here is in section 2A. There's a provision in section 2A that my colleague didn't cite which supports what both Judge Graber and Judge Berzin were getting at. And it is in the record, page 30, ER30. The one that starts, dividends shall be fully accumulated. You got it. And shall accrue whether or not declared on a daily basis from the first day of each dividend period. Whether or not declared. That's exactly right. So what the central argument that Mr. Gibson presented to you, it trying to focus on section 2A as limited to a current dividend period where there's a payout, it doesn't work when you read section 7 in conjunction with section 2. We're here to claim on section 7. It's actually the sum of 214 plus sub 2, all accrued but unpaid dividends. What section 2 does is it tells you as you're moving along in time from 1994 to the present, you might have a dividend payout, and if you do, you pay them at a rate of blank percent, wherever you are, of 1, 214, plus 2, those accrued but unpaid dividends that are there. Those accrued but unpaid dividends, as you pointed out, Judge Graber, accumulate. They add up into a pot over time, and they get bigger because you continually, each semiannual period, do this calculation. That's the language that I started with. That's the language that you pointed out before I could get it out of my mouth. The dividends in that same provision, section 2, when they're not being paid out, they sit there and accumulate. And that's what the – that's what that provision is telling you. That's why when you get to section 7, you can actually go back and add 214 to something. It's not that there's nothing left to pay out. If you liquidate, there's, of course, nothing left to pay out according to – liquidate according to a formula. If you redeem, there's nothing left to pay out. This is a redemption.  for a long time. And they have to live with the consequences of the language of the certificate. And the language of the certificate says, as both of you have pointed out, that you multiply the rate times 1 plus 2. Archon's interpretation, if I might, does a couple of different things. Okay? It – in one iteration, it takes – it renders superfluous subsection little 1, what you were pointing to, Judge Berzin. If you're going to multiply every – every semiannual period, 8.5 by 214, 8.5 by 214 because that's the share price, you don't need subsection 1. You don't need Roman numerals at all. If you're – or you might move the 1 over to before the 8 percent because then you're adding – you're calculating the dividends by going 8 times 214. But that's not what this provision says. Also, I mean, in Section 7 itself, it essentially repeats the formula even more clearly because it says – and now it does say some. It says an amount of the liquidate per share equal to the sum of 214, little 1 and little 2, plus an amount equal to. So it's even clearer. It – I think that's fair to say. I would point out that, you know, one of the arguments you've been presented with and were presented with at the beginning is this notion that we, the investors, are adding in an additional accrued but unpaid dividends. Well, there it is, Judge Berzin. In Section 7, the reason you're looking at a new accrued and unpaid dividend pot is because we're focused on Section 7. So whatever that number turns out to be, and at page 45 of our brief, we do the calculations for you, pages 42 to 43. We compare the algebraic language with the certificates language and then for a few calculations, and then we have the whole chart that leads to the actual $8.49. Our position is that you are doing a calculation and then you're taking that pot of accrued but unpaid dividends and, as you point out, Judge Berzin, you are adding 214 plus whatever is there, and that's all we do. $2.14 plus, I think, 655 is the total of accrued but unpaid dividends. Do you want to comment briefly on the Nevada State law issue? Excuse me? Do you want to comment briefly on the Nevada State law issue? Are you talking about the interest issue? Yes. Yeah. Look, the Supreme Court said, this is in the record in our reply brief on partial summary judgment. I don't have the actual site, but we quote this in the ER that they put together. We didn't quote it in this brief. The Supreme Court makes a distinction between dividends and interest. Okay? These are dividends. And frankly, I thought their argument that this is interest has some force. This particular thing is interest because your explanation for why they would do it this way is precisely because it's the time value of money. In other words, this is interest on. There are dividends, but there's also interest on the dividends. Otherwise, it's hard to explain why this is happening at all. So to me, if there's an answer to it, that isn't it. The answer is more likely to be that it is sufficiently expressed. I think the answer to you – look, we don't say that you're not allowed to get interest under this provision. We live or die on the notion that these are dividends, they say they're dividends, and they're calculated a particular way. Their argument amounts to when you compound, you have interest. When you don't compound, you have dividends. Dividends are dollars that are put into a corporation. They are dollars from a corporation that investors have put in. That also involves the time value of money, Your Honor. And they come out when the corporation, based on its business plan, says they can come out and the investment is made on that basis. But preferred stock is not debt. Preferred stock can be debt. It can be debt, but the question I thought you wanted me to answer was whether it's interest because there is a provision, which we don't dispute, in the contract which says you can't get interest. You can only get dividends. You can't get interest on these dividends. So our position is simply that the language – a dividend is dollars that come from a corporation because of an investment made based on a business plan. This is what, by the way, the Supreme Court said in sort of distinguishing dividends and interest. Interest is simply money you get because there happens to be a rate at which you're going to get it. Interest is a – interest depends on a rate. Dividends depends on the entire structure. And it seems to me that the better answer, if there's an answer, is that the State law says unless it says otherwise and it says otherwise. I don't know that it needs the word compound. I won't dispute that. And that seems to me to be the only possible dispute as to whether it has to say compound. Well, I do – I think I want to be clear about two different things. I'm not going to dispute a very, very wise interpretation of the statute of the kind you just described. That helps me. I'm not going to fight that at all. Our position is – sort of precedes that, which is that you don't get to the statute because it's – I understand that. I just have a hard time understanding it because if this is an interest, I don't know – I understand you could call it something else, but it becomes very shady at that point because this kind of stock is an awful lot like a debt to begin with, plus the – this kind of a calculation looks an awful lot like interest. Right. And it seems to me to be an easier way to resolve the thing to simply say, all right, fine, even if it's interest, it's still accounted for. I don't think interest is – I don't think, Your Honor, that the – I think you look at a statute and then you look at the language of a provision. There could be interest on this. The document says it itself. There could be interest on the cumulative dividends here. Well, in a sense – The document says you can't have interest. Well, the answer to this argument really collapses into the answer to the first argument because if the contract is clear and the contract requires what the district court did, then it requires it for all purposes, including a statute that says you have to say so. I think that's true unless the statute said if there are compound dividends, they shall be treated as interest. But that's not what this statute says. What this statute says is you can't have interest. And this document, this certificate says you're not allowed to have interest. It's consistent with the statute. It contemplates the notion that there will be interest on top of these compound dividends. And that, it seems to me, in a way answers the question about whether the document itself is distinguishing dividends from interest. It's a document that's about the issuance of dividends. It has, as you point out, Judge Graber, a particular calculation in it. And it says you can't get interest. It doesn't say you can't compound. It has a specific provision. There's no law that says that you have to have the word compound in a document for it to compound. And, you know, as I think both of you are pointing out, or seem to suggest, it does come down to the math. Now, in the time that I have left, I do want to get to an issue that hasn't been raised, that may be raised in fact just briefly. I don't know to what extent this Court will take seriously the argument that may come up on reply. They can't reply to anything you haven't raised, so. Maybe you should take that to heart. They have focused on the language of 2A. And I think given that they focused on the language of 2A, I will leave it there. I will say one thing that I don't think opens the door. I represent investors. Now, yes, they're sophisticated investors, but they all read this, and they all made this investment. This document, this document, this certificate, is the document that controls. It's the document to which all the other documents that have confidence records are subordinate. Well, the other documents, contemporaneous documents, don't seem to say anything to the contrary anyway. That's right. And the only ones that perhaps do were after the fact. I'm not even sure the ones after the fact do, because I think that you need to do a calculation about what stockholder's equity is in order to reverse engineer it. But my point is that if we ever get to the question, if you and your deliberations, since it has been raised on appeal, ever get to the question of the meaning of the other documents, the one thing you need to remember is that the prospectus in this case says we defer to the certificate. The certificate governs. But also the prospectus doesn't say anything. It doesn't say this, but it doesn't say the opposite either. The – I didn't argue that. I would never argue that. The prospectus doesn't say anything the opposite. And, in fact, the prospectus repeats this formula three or four times, which we cite in our brief. So I think I'll leave it there unless you have further questions, Your Honors. I don't think that we do. Thank you. Thank you very much for your time. Mr. Gibson, you have a little bit of time remaining. Thank you, Your Honor. I want to address the interest point, because as appellees correctly note, this certificate specifically says this is without interest, and the calculation that the district court used was an interest calculation. Well, I mean, it's a – I mean, it could be that this is trying to set it up as dividends, but for State law reasons it would be considered interest. I was simply observing that even if you did that, I mean, it seems to me to be debatable one way or another, it's murky. But I don't think you have a State law issue. The fact that this thing says no interest doesn't necessarily dovetail with whatever the State law would consider to be interest. Well, the problem is, is that this is interest on dividends. I think Your Honor correctly pointed out, while it may be true. Well, I don't know why that would necessarily be true. The mere fact of multiplying something by something else doesn't turn a dividend and the calculation of a dividend into interest. Well, but you're adding and you're accumulating and multiplying it again, which is a classical compounding of interest. Well, it could be, but as – I don't – I guess I'm not sure of any – and maybe you could point me to some authority that says that any time there's compounding of anything or multiplying back in or accruing something, however you want to describe it, it automatically becomes interest. But I think this issue highlights this. Is there any such authority that says that this mathematical process turns something called dividends into interest? But that highlights the problem. There's not a case that I'm aware of, Your Honor, but there are treatises and there is expert testimony. And to the extent that there's confusion on these kinds of issues and with this agreement, I'll freely concede this is not a well-written document. To the extent that there's confusion on this, that means there should be some sort of extrinsic evidence. It's a fairly written document and it's a well-written document. The problem is it may not mean what you wanted it to mean, but that's a different problem. Well, but it highlights the issue here. Without interest, it's very specifically included. And there's concern over whether this is an interest calculation. And when that happens, there should be extrinsic evidence allowed to testify about that issue. Those are – these are highly technical documents that have many terms of art in them. The district court wouldn't consider any of that evidence. But one question I have is, the relationship between Section 2 and Section 7 has been assumed here, but why couldn't we just decide this case on Section 7? Well, because, Your Honor, then Section 2 is not going to function properly. Section 7 should have the same amount of – I know, but the only issue we have here is the Section 7 problem. Well, I don't think that it's proper under Nevada law to construe one section and render meaningless another section. But Section 7 is even clearer, I mean, because it does talk about sums and because it does add the money back in quite expressly that you criticize Section 2 for not adding back in. So it couldn't be more clear. Well, Section 7 has the same problem that the district court's interpretation is because it's using the calculation from Section 2A to calculate the current dividend period. That's where that – that's where the formula is coming from. The formula is repeated. It doesn't say go back to Section 2. It repeats the dot formula even more clearly. It says you're going to add back in the accrued dividends, but it doesn't tell you what you're going to be – what you're going to be multiplying for the current dividend period. Sure, it does. That comes out of 2A. It says an amount per share equal to the sum. You noted that the other one didn't say sum. This one does. This one does. Of $2.14, little 1, $2.14 plus little 2, an amount equal to. But it does tell you what you're going to be adding in. But it doesn't – it doesn't have the 1s and the 2s in there. You're adding them in. In terms of the actual language that's in Section 7, it's our contention that if you look at Section 2A, you've got the – you don't have the $2.14 set alone because Section 2A is a payment provision, not a liquidation or redemption provision. Section 2A then has the current dividend calculation, which is 8 percent of 2.14. And then Section 2A has you add in – when you're going to be paying all the dividends out, you add them back in. That's also what Section 7 does. Section 7 talks about the current dividend period, which is calculated by taking a rate per annum per share, not a rate per annum per share plus accrued dividends. What it says is you're going to calculate a rate per annum per share of your current dividend period, and then you're going to add back in the accrued dividends from the previous dividend periods. That's exactly what 2A is doing with the Romanet I. That's your current dividend period. And Romanet II, which is adding back in the previously accrued dividends. And they have to be that way because when you're going to pay out the dividend, it should be the same amount as when you liquidate or when you redeem. The accrued dividends need to be the same amount. All right. Thank you, counsel. Thank you, Your Honor. We understand the parties' positions. We appreciate your argument. The case just argued is submitted. And for this session, we will be adjourned.
judges: Alarcon, Graber, Berzon